# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD BUSH, | : |
|     Plaintiff, | : |
| | :     CASE NO.: |
| v. | : |
| | :     2:11-CV-2612 |
| DEPT. OF HUMAN SERVICES, et al., | : |
|     Defendants. | : |

## MEMORANDUM

**Judge C. Darnell Jones, II**                                                                     November 20, 2013

      Pending before the court is a motion to dismiss filed by movant[1] Thomas J. Feerick, (Doc. No. 79), seeking dismissal of plaintiff's third amended complaint, (Doc. No. 35), on the grounds that he was not properly or timely served under Federal Rule 12(b)(5) and that he has failed to state a claim for which relief can be granted under Federal Rule 12(b)(6). After a thorough review of the record, the court will **GRANT** the motion on the grounds that plaintiff has failed to state a claim against Mr. Feerick for which relief can be granted. The complaint will be **DISMISSED WITHOUT PREJUDICE** and plaintiff will be **GRANTED ONE FINAL CHANCE TO AMEND HIS COMPLAINT**.

## BACKGROUND

      This dispute began when the PA Department of Human Services removed plaintiff's

---

[1] At issue for purposes of this motion is whether plaintiff properly named Mr. Feerick as a defendant. As discussed in detail below, because Mr. Feerick is nowhere named in the complaint, he is not a defendant in this case. Therefore, the court will refer to him hereinafter as movant.

daughter and granddaughter from his custody in February 2011. (Doc. No. 3.)[2] The record indicates that Mr. Feerick was plaintiff's attorney in his child custody case in state court. Plaintiff is currently suing Mr. Feerick for legal malpractice for failure to file a requested appeal in his state case. (Doc. No. 79, Att. 2, at 2; Doc. No. 81, at 2.) This case is properly before the court pursuant to this court's diversity jurisdiction under 28 U.S.C. §1367 because the complaint contains several claims implicating the 14th Amendment to the United States Constitution.

On April 15, 2011, plaintiff filed a motion to proceed *in forma pauperis*, (Doc. No. 1), which this court granted, and plaintiff has elected to proceed *pro se* after the court denied his numerous motions for appointment of counsel. (Doc. No. 7.) On April 22, 2011, plaintiff filed his first complaint. (Doc. No. 3.) His most recent complaint and the one which Mr. Feerick's motion addresses is the third amended complaint, (Doc. No. 35), which plaintiff filed on October 25, 2012. On November 6, 2012, the court issued an order directing the United States Marshall for the Eastern District of Pennsylvania to serve all named defendants a copy of the summons and amended complaint. (Doc. No. 37.) The record shows that the U.S. Marshall did not serve Mr. Feerick, because, as discussed below, plaintiff failed to identify Mr. Feerick in any of his pleadings.[3] The record shows that plaintiff himself, through a third-party server named Gerald Stokes, attempted to serve Mr. Feerick on March 29, 2013.[4]

---

[2]Plaintiff has since filed several amended complaints but those documents are not complete in and of themselves in that they do not set forth the facts underlying plaintiff's claims. Because plaintiff is pro se, the court will refer back to his original complaint, which does contain a fact section, in order to determine the substance of his claims.

[3]Mr. Feerick denies that he was ever served. It appears as though he did not learn of the case until plaintiff filed a motion for entry of default on March 25, 2013. (Doc. No. 76.)

[4]Strangely enough, it appears that plaintiff filed a motion for entry of default against Mr. Feerick four days before he served him.

On April 29, 2013, Thomas J. Feerick filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), arguing that he was neither properly nor timely served. (Doc. No. 79, Att. 2.) He also filed the motion pursuant to Rule 12(b)(6), claiming that plaintiff never named him in the complaint and therefore failed to state a claim against him for which relief can be granted. (Doc. No. 79, Att. 2.) In response, plaintiff alleges that he served movant at movant's place of business on March 29, 2013, and provides an affidavit of service as proof. (Doc. No. 81, at 1.) As for the Rule 12(b)(6) motion, plaintiff makes assorted arguments as to Mr. Feerick's liability, but fails to address the question of whether he properly named Mr. Feerick in the complaint or plead any cause of action against him. (Doc. No. 81.) Because the parties have fully briefed the motion, it is ripe for disposition.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d

3

203, 210-11 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

## DISCUSSION

Movant Thomas J. Feerick first moves for dismissal of the complaint on Rule 12(b)(6) grounds, arguing that plaintiff did not name him in the complaint. At its most basic, the federal pleading rules require that a well-pleaded complaint contain enough factual allegations from which the court may infer that the plaintiff has a plausible claim for which relief may be granted. Fed.R.Civ.P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). Because the complaint must be a self-contained document, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Here, the court has determined that plaintiff has failed to state any claims against Mr. Feerick in his complaint. First, the most recent amended complaint fails to mention Mr. Feerick by name and fails to allege any facts from which the court could conceivably deduce that plaintiff intended to name Mr. Feerick as a defendant. In fact, a review of plaintiff's previously-filed complaints demonstrates that they suffer from the same defect. As such, the court finds that plaintiff has failed to state a claim against Mr. Feerick for which relief can be granted.

In light of the fact that plaintiff failed to identify Mr. Feerick in any of his complaints, it is

4

not surprising that the U.S. Marshall did not serve him a copy of the complaint and summons.[5] Nonetheless, plaintiff claims that he served Mr. Feerick on March 29, 2013, by delivering a copy of the complaint to James Chisholm, a security guard at the front desk of Mr. Feerick's office building. (Doc. No. 77.)

The federal rules allow a party to be served in the following ways:

(1)     [by] following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)     [by] doing any of the following:

    (a)     delivering a copy of the summons and of the complaint to the individual personally;

    (b)     leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (c)     delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).

Because this action was brought in the United States District Court for the Eastern District of Pennsylvania, service may also be made pursuant to Pennsylvania law:

(1)     by handing a copy to the defendant; or

(2)     by handing a copy

    (i)     at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

---

[5] It is important to note that, while movant argues that plaintiff failed to serve him, it was the U.S. Marshall, not plaintiff, that was responsible for serving Mr. Feerick because plaintiff was granted *in forma pauperis* status on April 21, 2011. (Doc. No. 2.; Fed.R.Civ.P. 4(c)(3))

5

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a).

Handing a copy of the complaint to the security guard at Mr. Feerick's place of business does not satisfy any of these options for service of process. Furthermore, as defendant points out, plaintiff did not attempt to serve Mr. Feerick until 155 days after filing his third amended complaint, and the federal rules require a party to effect service within 120 days. Fed.R.Civ.P. 4(m). As such, even if plaintiff had stated a claim for which relief can be granted, Mr. Feerick was neither properly nor timely served by either the U.S. Marshall or plaintiff himself. As such, the motion will be **GRANTED** for failure to state a claim against Mr. Feerick for which relief can be granted. Furthermore, the complaint will be **DISMISSED WITHOUT PREJUDICE** and plaintiff will be **GRANTED ONE FINAL CHANCE TO AMEND HIS COMPLAINT**.

In closing, the court notes that plaintiff has filed numerous complaints as well as amendments to his complaints, often without leave of court. Plaintiff is reminded that Rule 15 allows a party to amend his complaint once as a matter of right and, after he has filed his first amended complaint, only after requesting leave of court. Rule 15 states:

(1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

Because plaintiff has already filed several amended complaints, he must seek leave of court before filing any further amendments in the future.

## **CONCLUSION**

In light of the foregoing, movant Thomas J. Feerick's motion to dismiss, (Doc. No. 79), is **GRANTED** and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief can be granted. Because it is possible that this defect may be corrected, the court will **GRANT** plaintiff **ONE FINAL CHANCE TO AMEND** his complaint.

BY THE COURT:

/s/ C. Darnell Jones  II,  J.
**C. DARNELL JONES  II,  J.**