IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD BUSH,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION NO.:** |
| v. : | |
| : | **2:11-CV-2612** |
| **DEPT. OF HUMAN SERVICES, et al.,** : | |
| : | |
| **Defendants.** : | |

### MEMORANDUM

**Judge C. Darnell Jones, II**                                                                                                          **January 6, 2014**

On November 20, 2013, this court granted plaintiff one final leave to amend his complaint. (Doc. No. 118.) Plaintiff filed a fourth amended complaint on November 25, 2013, and, because he is proceeding in forma pauperis, this court will now conduct a preliminary review pursuant to 28 U.S.C. §1915(e)(2)(B). Plaintiff's complaint also contains a request for appointment of counsel, which the court will **DENY**.[1] As discussed further below, plaintiff's complaint will be **DISMISSED WITH PREJUDICE** against Saint Vincent's Shelter, Mayor Michael Nutter, Commissioner Anne Marie Ambrose, the Philadelphia Police Department, the Department of Human Services, the City of Philadelphia, Sonia Lee, Angela Liddell Yancy, Leo Carroll Fields, Thomas J. Feerick, and Craig B. Sokolow.

### BACKGROUND

While the complaint is somewhat sparse in recounting the facts leading up to this matter, it appears that in February 2011, the Pennsylvania Department of Human Services (DHS) removed plaintiff's minor daughter Amirah and his granddaughter from his custody pursuant to a removal

---

[1] It should be noted that plaintiff has now requested counsel ten times, despite the court's repeated orders denying court-appointed counsel. (Doc. Nos. 6, 8, 9, 11, 12, 38, 40, 41, 108, 119.)

order.[2] (Doc. No. 119 (Am. Compl.)) Plaintiff alleges that his daughter resisted the demands of DHS personnel that she go with them but that she complied when defendant Ronitta Benton, a social worker assigned to the case, called her superior, Sharon Johnson, and threatened to take Amirah's child from her. (Doc. No. 119, at 2 (Am. Compl.)) Amirah and her daughter were eventually placed in the care of Saint Vincent's Shelter where plaintiff alleges that his granddaughter received a skull injury. (Doc. No. 119, at 2 (Am. Compl.)) Plaintiff also claims that the Department of Human Services retaliated against him for filing an April 2011 complaint by "instigating an investigation concerning another daughter of his Niara." (Doc. No. 119, at 2 (Am. Compl.))

On September 12, 2011, Mr. Feerick was allegedly appointed to represent plaintiff in a hearing concerning the state's custody of his daughters. (Doc. No. 119, at 2 (Am. Compl.)) On December 7, 2011, "a[] court order was entered against the plaintiff." (Doc. No. 119, at 2 (Am. Compl.)) Plaintiff explains that he awaited communication from Mr. Feerick about the custody hearing concerning his daughters but that he was never apprised of his appeal rights. Plaintiff further avers that counsel never filed a statement of errors complained of on appeal. (Doc. No. 119, at 2 (Am. Compl.))

## **STANDARD OF REVIEW**

When a court grants a litigant's motion to proceed in forma pauperis, the court is obligated to review the plaintiff's complaint under 28 U.S.C. §1915(e). Pursuant to that §1915(e), the court must dismiss a case if at any time the court determines that the complaint fails to state a claim for which relief can be granted. 28 U.S.C. §1915(e)(2)(B). Furthermore, when reviewing the complaint of a pro se litigant, the court must liberally construe legal claims because "a pro se complaint,

---

[2] Plaintiff offers no information about the content or origin of the removal order.

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court "will apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Of course, even a pro se complaint "must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer." *Lawrence v. Mental-Health Doctor*, 12-CV-643, 2013 WL 1285461, *2 (E.D.Pa. March 28, 2013).

## **DISCUSSION**

While plaintiff does not cite to 42 U.S.C. §1983, the court will construe his claims as §1983 claims because the allegations of his complaint suggest he is charging defendants with constitutional violations. *Weaver v.* Wilcox, 650 F.2d 22, 25-26 (3d Cir. 1981) (construing complaint to allege a §1983 action); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.") Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. §1983.

**I.)     Saint Vincent's Shelter**

On December 2, 2013, and again on December 16, 2013, plaintiff filed a motion for leave

3

to amend his complaint to add Saint Vincent's Shelter as a defendant. (Doc. No. 120 & 126.) However, the court notes that the fourth amended complaint already includes claims against Saint Vincent's Shelter. Therefore, his motions are deemed **MOOT**. To the extent, however, that plaintiff wishes to amend the complaint to add new allegations, the court has already granted plaintiff one final leave to amend and will not do so again. (Doc. No. 118.) Therefore his motions for leave to amend his complaint are **DENIED**.

Looking to his complaint, the court believes that plaintiff has failed to state a claim for which relief can be granted against Saint Vincent's. Insofar as plaintiff intends to bring a claim against St. Vincent's on his own behalf for the alleged injuries his daughter received while staying there, he does not have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992) (explaining that plaintiff "must himself have suffered an injury" to have standing). To the extent he brings this claim on his granddaughter's behalf, the court has already explained that plaintiff may not represent his children or grandchildren. *See Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (holding that non-lawyer proceeding *pro se* may not represent his children). Moreover, to the extent that plaintiff intends to bring a constitutional claim under §1983 for deprivation of his Fourteenth Amendment rights, plaintiff has failed to allege that St. Vincent's is a state actor. Even is his motion for leave to amend his complaint, plaintiff makes bald assertions that Saint Vincent's "were acting on behalf of the City of Philadelphia and Government of Pennsylvania," that it "implement[ed] the policy and customs of the Commissioner and City Government," that "[t]he defendants are state actors under 42 U.S.C. 1983," and that "Saint Vincent's in this case was acting under color of state law." (Doc. No. 123 (Motion to Add Sant Vincent's)) None of these allegations amount to more than legal conclusions, so the court is left with no facts from which to infer that plaintiff has a plausible claim to relief. In light of the foregoing, plaintiff has failed to state a claim

for relief against St. Vincent's and any claims against that party will be **DISMISSED**.

**II.)    Philadelphia Police Department, Department of Human Services, and City of Philadelphia**

In *Monell v. New York City Department of Social Services*, the Supreme Court held that "municipalities and other local governmental bodies are 'persons' within the meaning of §1983." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, at 689 (1978)). Nonetheless, a municipality or governmental organization may not be held liable "solely because it employs a tortfeasor." *Id.* In other words, §1983 does not allow a party to plead liability under the doctrine of respondeat superior. Instead, the complaint must contain allegations of a municipal policy or custom. *Id.* The rationale behind this policy has been explained at great length by the Supreme Court:

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. . . . Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Id.* at 403-04.

Of course, threadbare allegations of 'policy' and 'custom' are insufficient to withstand review under §1915; instead, a party must allege facts from which the court can plausibly infer a relevant custom or policy. Here, plaintiff's complaint is defective because it contains no such factual allegations regarding *Monell* liability. To be sure, the amended complaint cites *Monell* and claims to have identified a municipal policy and/or custom, but a careful reading shows otherwise. As such, plaintiff's complaint will be **DISMISSED** insofar as it states a claim against the Philadelphia Police Department, the Department of Human Services, and the City of Philadelphia.

**III.)  City Attorneys Angela Yancy and Sonia Lee and Child Advocate Leo Carrol Fields**

In order to properly bring a claim under 42 U.S.C. §1983 against individual defendants, a party must allege personal involvement of the defendant in the purported constitutional violation. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The amended complaint names defendants Yancy, Lee, and Fields only twice and only in the most vague and conclusory terms. Plaintiff first states:

> 2.  City of Philadelphia, Mayor Nutter, Commissioner of D.H.S. Anna Marie Ambrose, Sharon Johnson, Ronitta Benton, Leo Carrol Fields, Philadelphia Police Department. Sonia Lee Andela Yancy. Saint Vincent's Homes or Shelter. The plaintiff aver that all of the above named defendants are directly involved in violating his 14th amendment rights to due process and substantive due process and liberty interest rights to relationship and the care and custody of his children and the right to have them safe while in the states custody.

(Doc. No. 119 (Am. Compl.))

Second, plaintiff alleges:

> At a dependency hearing, Benten, Johnson, Leo Carrol Fields, Angla Liddel Yancy and Sonia Lee was aware of the circumstances of the first claim filed in this court, as a matter of tactic introduce false evidence in a removal order. Before the removal order was granted they were aware of the false evidence it contained but shopped around for a judge that would grant the order as retaliation for the potential claim against the Department of Human services for placing a children in an unsafe institution.

(Doc. No. 119 (Am. Compl.))

These allegations fail to allege in sufficient detail the precise action or actions by defendants Yancy, Lee, and Fields that amounted to personal involvement in any Fourteenth Amendment violation. As such, the complaint will be **DISMISSED** insofar as it brings claims against defendants Sonia Lee, Angela Liddell Yancy, and Leo Carroll Fields.

**IV.  Mayor Michael Nutter**

6

Plaintiff only mentions defendant Nutter once in the complaint,[3] concluding "The plaintiff aver that all of the above named defendants are directly involved in violating his Fourteenth Amendment rights to due process." (Doc. No. 119, at 2 (Am. Compl.)) This allegation amounts to a legal conclusion, and, as such, plaintiff's claims against defendant Nutter will be **DISMISSED**.

**V.)     Craig B. Sokolow, Esquire and Thomas J. Feerick, Esquire**

Plaintiff's allegations against Mr. Sokolow boarder on incoherent. The sum of what the court is able to ascertain from the face of the complaint is that Mr. Sokolow represented plaintiff as his attorney at some point in the matter of the custody of his daughters. Plaintiff refers the court's attention to "attached exhibit[s]" but a cursory inspection of the complaint shows that no exhibits have been attached. As the court explained to plaintiff in its November 20, 2013, order, "The amended complaint shall be **COMPLETE, IN AND OF ITSELF, WITHOUT REFERENCE TO PRIOR FILINGS** . . ." (Doc. No. 118.) As such, the complaint will be **DISMISSED** against Mr. Sokolow.

Furthermore, the court finds that plaintiff may not bring a Fourteenth Amendment claim against Mr. Feerick because he did not act under color of state law in carrying out his responsibilities as plaintiff's attorney. This conclusion is unaltered by the fact that Mr. Feerick was allegedly appointed by the government. *See Polk v. Dodson*, 454 U.S. 312, 325 (1981). In *Polk v. Dodson*, the Supreme Court said, "With respect to Dodson's §1983 claims against Shepard, we decide only that a public defender does not act under color of state law when performing a lawyer's traditional

---

[3]Defendant mentions Mayor Nutter one more time but only in the context of background information about the Department of Human Services. Plaintiff states, "Community Oversight Board, created by Mayor John Street to monitor DHS reform and continued by Executive Order of Mayor Nutter in 2008, has proven itself unable to remedy the systemic crisis at DHS. (Doc. No. 119 (Am. Compl.))

functions as counsel to a defendant in a criminal proceeding." *Id.* The rationale behind this principle is clear:

> The primary office performed by appointed counsel parallels the office of privately retained counsel. Although it is true that appointed counsel serves pursuant to statutory authorization and in furtherance of the federal interest in insuring effective representation of criminal defendants, his duty is not to the public at large, except in that general way. His principal responsibility is to serve the undivided interests of his client. Indeed, an indispensable element of the effective performance of his responsibilities is the ability to act independently of the Government and to oppose it in adversary litigation.

*Id.* at 319, n.2 (quoting *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979)).

Here, plaintiff claims that Mr. Feerick did not apprise him of his appeal rights and did not properly file an appeal of the trial court's order. (Doc. No. 119 (Am. Compl.)) The court believes these functions are within the scope of "a lawyer's traditional functions as counsel." As such, Mr. Feerick was not acting under color of state law. Therefore, the complaint will be **DISMISSED** against Mr. Feerick.

## VI.   Commissioner Anna Marie Ambrose

As more thoroughly discussed above, to plead a case under §1983 a plaintiff must include factual allegations of personal involvement in the alleged constitutional violations. The complaint contains no factual allegations regarding Commissioner Ambrose's personal involvement, instead concluding:

> City of Philadelphia, Mayor Nutter, Commissioner of D.H.S. Anna Marie Ambrose, Sharon Johnson, Ronitta Benton, Leo Carrol Fields, Philadelphia Police Department. Sonia Lee, Andela Yancy. Saint Vincent's Homes or Shelter. The plaintiff aver that all of the above named defendants are directly involved in violating his 14th amendment rights to due process and substantive due process and liberty interest rights to relationship and the care custody of his children and the right to have them safe while in the states custody.

(Doc. No. 119 (Am. Compl.))

These allegations are legal conclusions and are not entitled to a presumption of truth. As such, the court will **DISMISS** the complaint insofar as it alleges claims against Commissioner Ambrose.

## CONCLUSION

In light of the foregoing, the court will **DISMISS** the complaint **WITH PREJUDICE** insofar as it names defendants Saint Vincent's Shelter, Mayor Michael Nutter, Commissioner Anne Marie Ambrose, the Philadelphia Police Department, the Department of Human Services, the City of Philadelphia, Sonia Lee, Angela Liddell Yancy, Leo Carroll Fields, Thomas J. Feerick, and Craig B. Sokolow. Plaintiff's motion for appointment of counsel, (Doc. No. 119, at 4), and his motions for leave to amend, (Doc. No. 120 & 126), will be **DENIED**. The complaint and summons will be served on defendants Ronitta Benton and Sharon Johnson. Finally, the motions to dismiss filed by Saint Vincent's Shelter, (Doc. No. 123); the City of Philadelphia, Sonia Lee, and Angela Liddell Yancy,(Doc. No. 124); Anne Marie Ambrose, (Doc. No. 125); and Thomas J. Feerick, (Doc. No 127), are **DISMISSED AS MOOT**.

                                        **BY THE COURT:**

                                        **C. Darnell Jones   II,   J.**
                                        **C. DARNELL JONES   II,   J.**